Dear Mayor Foster:
You have asked for an opinion from our office concerning whether the city attorney may continue to appoint the city prosecutor without the requirement of the person named as city prosecutor being subjected to a confirmation vote by the city council. In your request you have provided us with the following information regarding the City of Hammond home rule charter.
Specifically you provided that Section 4-02 provides as follows:
 A. The city attorney shall be appointed by the mayor, subject to confirmation by the council, and shall serve at the pleasure of the mayor. The city attorney shall be an attorney licensed to practice in the courts of Louisiana with at least five (5) year's experience in the practice of law.
 B. The city attorney shall serve as chief legal advisor to the mayor, council and 11 departments, offices and agencies, shall represent the City in all legal proceedings and shall perform any other duties prescribed by this charter or by ordinance.
 C. Any assistant city attorneys authorized by the council shall serve at the pleasure of the city attorney.
 D. No special legal counsel shall be employed by the City except by written contract and approval of the council.
You advise in your request that since 1977 when the City Charter went into effect, the "city attorney" has been appointed by the mayor and approved by favorable vote of the city council. You further advise that the "city prosecutor" has been appointed by the city attorney as an "assistant city attorney" as authorized and budgeted by the city council, but the person so named as city prosecutor has not been subjected to a vote by the city council and has served at the pleasure of the city attorney.
As you point out in your opinion request, Section 4-02 paragraph A plainly states that the city attorney shall be appointed by the mayor subject to confirmation by the council.
Paragraph C on the other hand, deals with appointments by the city attorney of assistant city attorneys and is absent of any mention of confirmation by the city council. The lack of the phrase, "subject to confirmation by the council" in paragraph C of Section 4-02, must be interpreted to mean that such confirmation is not required.
Considering the above, it is the opinion of our office that the term "authorized" in paragraph C refers to a created position for an assistant city attorney which must be authorized and budgeted by the council, but the person selected by the city attorney for the position need not be confirmed by the council.
Should you have any further questions please do not hesitate to contact our office.
Yours sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB;mjb
Date Released: April 25, 2003